JOHN A. WOLFF, Respondent, *v.* UNITED DRUG COMPANY, INC., Appellant.

*Malicious prosecution — insufficiency of evidence.*

In the absence of evidence that defendant directly authorized or subsequently ratified the act of an employee in instituting criminal proceedings against plaintiff, on a charge of having stolen goods from defendant, or that said employee was acting within the scope of his employment or within the limits of authority which had been conferred upon him by defendant, and where it appears that defendant did nothing which could reasonably be regarded as authorizing prosecution of plaintiff, a complaint for malicious prosecution should be dismissed.

*Wolff* v. *United Drug Co., Inc.*, 187 App. Div. 887, reversed.

(Argued April 29, 1920; decided June 1, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 18, 1919, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

*Isaac H. Levy, James A. O'Gorman* and *Lanman Crosby* for appellant.

*Lowen E. Ginn* and *Joseph O. Skinner* for respondent.

*Per Curiam.* It has been held that one of appellant's employees named Wilson instituted criminal proceedings against respondent, who was another employee, on the charge of having stolen goods from the appellant, and that this prosecution was without reasonable cause and, therefore, malicious. The judgment against appellant rests upon the theory that it was liable for the acts of Wilson because it was within the general scope of his authority to institute such a proceeding and, therefore, bind his employer. There is not a particle of evidence to show that appellant directly authorized or subsequently ratified the act of its employee in instituting this proceeding and we are unable to find evidence in the record that Wilson was acting within the scope of his employment or within the limits of the authority which had been conferred upon him in instituting this proceeding. While he enjoyed the somewhat impressive title of manager of its employment department, Wilson's duties were clerical and of a subordinate and limited character. They consisted in interviewing and making records of interviews with applicants for employment and in preparing papers to be executed for bonding and other purposes by applicants who were finally employed. He neither hired nor discharged men, even if we assume that that would have given him power to institute this proceeding, and he had nothing to do with the preservation of appellant's property. So far as we can perceive, the appellant did nothing which can reasonably be regarded as authorizing him to prosecute plaintiff. In its legal aspect his conduct constituted a personal venture which whether commend-

able or not was entirely at the risk of himself and not of his employer.

Under these circumstances we think that the judgment against appellant is entirely unsustained and should be reversed and that the complaint should be dismissed, with costs in all courts.

HISCOCK, Ch. J., COLLIN, HOGAN, POUND, MC-LAUGHLIN, ANDREWS and ELKUS, JJ., concur.

Judgments reversed, etc.